**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MARIO BEDOYA-RAMIREZ,

                    Petitioner,

      v.

TODD BLANCHE, et al.,

                    Respondents.

Civil Action No. 26-5924 (JXN)

**OPINION**

---

**NEALS**, District Judge

Before the Court is Petitioner Mario Bedoya-Ramirez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking declaratory and injunctive relief preventing his transfer and removal.[1] (ECF No. 1.) Respondents ("Government") opposed (ECF No. 6) and Petitioner replied (ECF No. 7). The Court has considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is dismissed without prejudice for lack of jurisdiction.

---

[1] The Clerk of the Court docketed Petitioner's "complaint" as a habeas petition. (*See* ECF No. 1.) In his response, Petitioner argues that this is not a habeas matter, and that he filed a complaint seeking declaratory and injunctive relief, requesting the Court enjoin his transfer and removal from the United States. (*See* ECF No. 7.) Petitioner submits that he does not challenge the legality of his detention. (*Id.*) As explained herein, whether the Court treats Petitioner's filing as a habeas petition or a complaint, the Court lacks subject matter jurisdiction to provide Petitioner with the relief sought. Accordingly, the Court will refer to the filing as Petitioner's Petition for the purposes of this Opinion.

## I.    BACKGROUND

Petitioner, a Guatemalan native, entered the United States on November 20, 2000, without admission or parole. (Gov't Opp'n at 1, ECF No. 6; Gov't Ex. A at *1–2,[2] ECF No. 6-1.) Three days later, immigration officials encountered Petitioner and issued him a Notice to Appear. (Gov't Ex. A at *2; Gov't Ex. B, ECF No. 6-2.) And on July 20, 2001, an immigration judge ("IJ") ordered Petitioner removed *in absentia* to Guatemala for failing to appear for his immigration removal hearing. (*See* Gov't Ex. C, ECF No. 6-3; Gov't Ex. D at *3, ECF No. 6-4.)

On May 17, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody. (Gov't Opp'n at 1.) Five days later, on May 22, 2026, Petitioner moved to reopen and rescind his *in absentia* removal order. (*See* Gov't Ex. E, ECF No. 6-5.) The Executive Office of Immigration Review ("EOIR") received Petitioner's Motion to Reopen and Rescind, which triggered an automatic stay of his removal. (*See* Pet.'s Reply at 1, ECF No. 7 (citing 8 U.S.C. § 1229a(b)(5)(C); and then citing 8 C.F.R. § 1003.23(b)(4)(ii)).)

On May 24, 2026, Petitioner filed the instant Petition requesting the Court enjoin Plaintiff's removal from the United States until his Motion to Reopen and Rescind is adjudicated. (Pet.'s Moving Br. at 11, ECF No. 1-2.) The Government opposed, arguing that although Petitioner's removal is stayed during the pendency of his Motion to Reopen and Rescind, he remains subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231(a). (Gov't Opp'n at 1–2.) The Government also argues that Petitioner's detention is not unconstitutionally prolonged. (*Id.* at 2–3.) Petitioner replied, arguing that he is not challenging the legality of his detention; rather he is seeking declaratory and injunctive relief enjoining Respondents from removing him before the EOIR adjudicates his Motion to Reopen and Rescind. (*See* Pet.'s Reply.)

---

[2] Pincites preceded by an asterisk (*) use ECF page numbers.

2

## II.      LEGAL STANDARD

Under 28 U.S.C. § 2241(c), the Court may grant habeas relief only to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Corresponding, a federal court has jurisdiction over a habeas petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner has the burden to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.      DISCUSSION

In his Petition, Petitioner requests that the Court enjoin his removal pending the outcome of his EOIR proceedings. (*See generally* Habeas Pet., ECF No. 1; *see also* Pet.'s Reply.)

First, the Court notes, and Petitioner acknowledges, that Petitioner's filing of his Motion to Reopen and Rescind stayed his removal. (Gov't Opp'n at 2; Pet.'s Reply at 1.)

Second, § 1252(g) of the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over Petitioner's request to enjoin his removal because, in essence, Petitioner seeks judicial review of ICE's decision to execute his final order of removal. 8 U.S.C. § 1252(g). § 1252(g) deprives courts of "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.*; *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). As such, § 1252(g) strips district courts of jurisdiction to review the Attorney General's decision or actions to execute a removal order. *See Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 298 (3d Cir. 2020). To execute a removal order, "the Attorney

3

General must exercise his discretionary power to detain an alien." *Id*. Thus, district courts throughout the country have found that § 1252(g) bars them from staying removal, even when the court might otherwise have jurisdiction over the claims. *See Mateo L. A. v. Nielson*, No. 19-6609, 2019 WL 1003408, at *2 (D.N.J. Feb. 28, 2019) (collecting cases).

This Court, accordingly, lacks jurisdiction to stay Petitioner's order of removal or otherwise hear a challenge to that order.

## IV.    **CONCLUSION**

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED** *without prejudice*. An appropriate Order accompanies this Opinion.

**DATED: 6/25/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

4